REQUESTED BY: Dear Senator Labedz:
In your letter of March 12, 1979, you call our attention to LB 144, which would amend section 77-2704, R.S.Supp., 1978, by exempting from the sales and use tax, sales of electricity, coal, natural gas, fuel oil, diesel fuel, tractor fuel, propane, gasoline, coke, nuclear fuel, and butane, regardless of the use to which it was to be put. Such items are now exempt from the tax only when purchased for use in processing, manufacturing, mining, refining, irrigation, farming, building construction, telegraph, telephone and radio communication, street, and railroad transportation services and all business, commercial, and industrial uses.
Your question is not about the validity of LB 144, but about whether the passage of LB 144 is necessary, because you wonder whether the present statute is unconstitutional in excluding residential users. You are, therefore, asking about the constitutionality of an existing statute. Normally we would not render such an opinion because of the policy of this office set out in our letter to the Clerk of the Legislature dated December 28, 1972, found on Page 36 of Volume I of the 1973 Legislative Journal. However, because the question does have a bearing on pending litigation, we will, in this instance, answer your question.
We perceive no constitutional problems with the present statute. We point out that neither the uniformity provision of Article VIII, section 1, nor the prohibition against exemptions of Article VIII, section 2, is applicable. These constitutional provisions deal with property taxation, not with excise taxes such as the sales and use tax.
The only basis upon which such a provision could be attacked is unreasonable classification, in violation of ArticleIII, section 18 of the Nebraska Constitution, or the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution. We do not believe a court would find a violation of either.
In 68 Am.Jur.2d, 41, Sales and Use Taxes, § 27, we find:
 "Taxation presents a practical problem and exact equality in sales taxes is utterly impossible. Classification for taxation is permissible if the differences are reasonably related to the purpose of the law, and in determining such classifications, the legislature has great latitude, specifically in establishing the class to which the tax shall apply or the class to be excluded from the tax. The legislature may classify objects of taxation without violating constitutional limitations relating to class legislation or equal protection of the laws when there is reasonable ground for the classification and the law operates equally upon all within the class; and the taxation laws of the states are not violative of the equal protection provision of the Fourteenth Amendment of the Federal Constitution unless they are palpably arbitrary or grossly unequal in application to the persons concerned."
One of the cases cited in support of the propositions stated above was Anderson v. Tiemann, 182 Neb. 393,155 N.W.2d 322 (1967). There the court said:
 "The power of a state to make reasonable and natural classifications for purposes of taxation is clear and unquestioned.
 `That a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy * * * Similarly, it has long been settled that a classification, though discriminatory, is not arbitrary nor violative of the Equal Protection Clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it.' Allied Stores of Ohio, Inc. v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed. 2d 480."
We do not know the precise motives of the Legislature in limiting the exemption, but we can conceive legitimate reasons. The sales and use tax is basically a tax on the ultimate consumer. The Legislature has attempted to avoid taxing the sale of any item of personal property more than once, on the theory that the tax would be passed on, and the ultimate consumer would be paying the sales tax several times when he purchased the final product.
There may have been some similar thinking with respect to the present exemption. Some, although not all, of the exempted uses involve the production of products which will ultimately be subject to the sales tax. Any sales tax collected on the production of the exempted items would be passed on to the ultimate purchaser. The Legislature may have wished to avoid this.
Where this argument is not applicable, other economic philosophies may have played a part. The simple desire not to add to the cost of any business, because it would result in a higher cost of that business' products or services, would probably be sufficient to sustain the statute against constitutional attack on grounds of unreasonable classification. We therefore believe the present statute is constitutionally valid.
You have also asked about the validity of collecting sales tax on a sewer use fee, and suggest that this is a tax on a tax. We do not believe that it is, and that the city is required to collect the sales tax on the sewer use fee.
Section 14-365.03, R.R.S. 1943, provides for a service charge for use of the sewerage system in cities of the metropolitan class. It is not a tax, although, if not paid, the charge may be collected in the same manner as taxes. Similar provisions apply in cities of other classes. See section 16-694 and section 17-925.01. We do not think, therefore, that this can be called a tax on a tax.
Section 77-2702(4)(b)(iii), includes in the definition of gross receipts for sales and use tax purposes the furnishing of sewer services. Section 77-2705(2), requires every person furnishing public utility service as defined in subdivision (4)(b) of section 77-2702, to register with the Tax Commissioner. It is clear, therefore, that the statute requires sales and use taxes to be collected on the sewer use fee charged.
We know of no constitutional prohibition against the imposition of an excise on such services, and this is what the sales and use tax is. It is a matter purely within the discretion of the Legislature.